No. 2020.—W. & H. STACKHOUSE *v.* JAMES E. ZUNTS.

This is an injunction suit to prevent the enforcement of a mortgage on a plantation sold by defendant to plaintiff, by written notarial act of sale, on the ground that the consideration of the notes given by plaintiff to defendant was for the price of the sale of persons (slaves). On trial the plaintiff offered parol evidence to show that the consideration of the notes on which the order of seizure and sale of the land had issued was the price of the sale of persons (slaves). The defendant likewise offered parol evidence to show that the consideration of the notes sued upon was not the price of the sale of persons (slaves), but were given for a part of the price of the sale of the land (plantation), which was objected to by the plaintiff on the ground that parol evidence was inadmissible to explain, contradict, vary or modify a valid written act of sale.

Held—That, although the rule is well established that parol evidence is not admissible to explain, contradict, vary or modify a valid written act of sale, yet, in the present case, there being no issue before the court in relation to the contract evidenced by the written notarial act of sale, and the object of the defendant in offering the testimony was not in aid or explanation of the written instrument, but was offered to controvert the same class or kind of testimony which had been offered by the plaintiff, it should, therefore, have been admitted for that purpose.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. C. Roselius* and *Alfred Philips*, for plaintiffs and appellants. *Randall Hunt*, for defendant and appellee.

REPORTER—The first opinion rendered in this case being overruled by this opinion, rendered on rehearing, its publication is omitted in these reports.

ON REHEARING.

LUDELING, C. J. On the trial of this case, the plaintiffs having offered parol evidence to establish that the consideration of the notes sued on was the sale of persons, the defendant likewise offered witnesses to prove that the sale of slaves was not the consideration, but that these notes formed a part of the price of a plantation, in accordance with an agreement made a considerable time before the sale of the Bellechasse plantation by the heirs of Packwood and defendant and plaintiffs. This was objected to on the ground that it was an attempt to contradict the notarial act of sale by the heirs of Packwood and Zunts to the plaintiffs. In our former opinion we held that the objection was well taken ; but on more mature consideration we are not satisfied with that ruling. The subject matter of that notarial act is not under consideration in this suit. The object of this suit is not to enforce any right growing out of the contract evidenced by that notarial act, and, therefore, the object of the testimony offered is not to aid in the interpretation of the act. It is a general rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," and the reason of the rule is to prevent the substitution of a new and different contract for the one which was really agreed upon and reduced to writing.

It is evident that the reason of the rule does not apply in the case in hand. There is no contest in relation to the contract, evidenced by

61

W. & H. Stackhouse v. Zunts.

the notarial act. The notarial act itself was only introduced to prove the declaration of Zunts relative to the price stated in that act of sale. All considerations of evidence must be pursued with reference to the subject matter to which it is to be applied, and to weigh the competency or sufficiency of evidence, in any given case, it is requisite to discern with accuracy the nature of the proposition it is offered to establish. Evans' Pothier Appendix, No. 16, rec. 11, p. 216.

We are of opinion that the declaration in the notarial act by Zunts and the Packwood heirs that the price was $100,000 does not estop Zunts from showing that the notes sued on formed a part of the price of the plantation, when it is attempted to prove that the consideration of the notes was slaves. Otherwise truth might be suppressed.

The evidence in the record is conflicting. We believe that the ends of justice will be better subserved by remanding the case for a new trial.

It is therefore ordered and adjudged that our former decree be set aside; that the judgment of the district court be annulled; that this case be remanded to the court a qua to be tried de novo; and that the appellee pay costs of appeal.